IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DAVE CAMPBELL,** *et al*.                                                                    **PLAINTIFFS**

v.                        Case No. 3:25-cv-00064 KGB
           Consolidated  Case No. 3:25-cv-00134 KGB

**BARRY O'DELL, in his individual**
**capacity** *et al*.                                                                           **DEFENDANTS**

**ORDER**

Before the Court are two consolidated cases in which several motions are pending *Campbell, et al. v. O'Dell, et al.*, Case No. 3:25-cv-00064-KGB ("*Campbell I*"), and *Campbell, et al. v. Mammoth Spring Police Dept., et al.*, Case No. 3:25-cv-00134-KGB ("*Campbell II*"). The Court addresses the pending motions in both cases in this Order, and this Order shall be docketed in both *Campbell I* and *Campbell II*. However, given that these cases are consolidated, going forward, all filings shall be made only in the case with the lower case number, *Campbell I* which shall also be referred to as the Consolidated Case.

Of primary concern to the Court at this stage are the motion for leave to file consolidated amended complaint filed by plaintiffs Dave and Catrenia Dawn Campbell (*Campbell I*, Dkt. No. 11) and the joint motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(c) and motion for clarification filed by defendants James Edward Turnbough and Barry Joseph O'Dell, in their individual and official capacities, the City of Mammoth Spring (collectively the "City Defendants"); Louise Alexander, Shayne Lee Peterson, Gary Lee Dunn, Randall Dale Dunn, and Brenda Dunn; Lauren Seibert and Hallmark Media, LLC; and Jody Shackelford and John McGinnes (hereinafter collectively with the City Defendants referred to as "Defendants")

(*Campbell I*, Dkt. No. 20). Also before the Court are several other motions which will be addressed in this Order.

For the following reasons, the Court grants plaintiffs' motion for leave to file consolidated amended complaint (*Campbell I*, Dkt. No. 11). Plaintiffs shall have 14 days from the date of this Order to file their Consolidated Amended Complaint that is attached to the motion with the Clerk of the Court. The Court grants, in part, and denies, in part, Defendants' motion for a more definite statement and motion for clarification as set forth in this Order (*Campbell I*, Dkt. No. 20).

The Court denies as moot the motions to dismiss of various individual defendants filed in *Campbell II* (*Campbell II*, Dkt. Nos. 6–9, 11, 24–25, 27, 29). The Court denies plaintiffs' motion to remand to state court (*Campbell II*, Dkt. No. 35). The Court grants the Mammoth Springs Police Department and the City Defendants' motion to substitute attorney (*Campbell I*, Dkt. No. 18; *Campbell II*, Dkt. No. 49).

The Court denies the plaintiffs' emergency motion to stay parallel state court proceedings (*Campbell I*, Dkt. No. 13). The Court denies plaintiffs' motion for leave to file supplemental statement of facts in support of motion to enjoin state court proceedings (*Campbell I*, Dkt. No. 30).

The Court denies as moot plaintiffs' motions related to the Court's initial scheduling order issued in *Campbell II* (*Campbell I*, Dkt. Nos. 15, 21, 22). The Court vacates the Initial Scheduling Order entered in *Campbell II* (*Campbell II,* Dkt. No. 47).

The Court denies without prejudice plaintiffs' motion for equitable tolling (*Campbell I*, Dkt. No. 27).

I.   **Background**

On April 1, 2025, plaintiffs filed a complaint against Barry Joseph O'Dell and 40 other defendants asserting several claims (*Campbell I*, Dkt. No. 2, at 1). On April 4, 2025, United States

District Court Judge Billy Roy Wilson, who was assigned to the case, ordered plaintiffs to file an amended complaint within 30 days that narrowed their claims, the number of defendants, and clarified the relief requested (*Campbell I*, Dkt. No. 2).  The Order provided that, after the amended complaint had been filed, the Court would review the amended complaint before issuing summonses and returning them to plaintiffs for service of process on the defendants (*Campbell I*, Dkt. No. 2, at 3).  Accordingly, summonses have never issued in this case.  The Clerk of the Court reassigned this case to Judge Baker on April 9, 2025, and on May 5, 2025, plaintiffs filed an amended complaint that was 153 pages (*Campbell I*, Dkt. Nos. 3, 4).

On June 10, 2025, in what was initiated as a separate lawsuit, plaintiffs sued the Mammoth Spring Police Department, the City of Mammoth Spring, Mammoth Spring Police Chief James Edward Turnbough, and Mammoth Spring City Councilman Barry Joseph O'Dell as well as various private citizens and businesses including John Thomas McGinnes, Jody Lee Shackelford, Lauren Elizabeth Siebert, Bragg Broadcasting, Inc., Hallmark Media, LLC, Shayne Lee Peterson, Louise Dunn Alexander, Gary Lee Dunn, Randall Dunn, and Brenda Dunn in Fulton County Circuit Court alleging a variety of constitutional and state law property, contract, and tort claims (*Campbell II*, Dkt. No. 1).  The City Defendants later removed the case to this Court.

In an Order filed October 16, 2025, the Court consolidated this case with *Campbell II* (hereinafter the "Consolidated Case") (Dkt. No. 9).  The Court consolidated the cases because it determined that the two cases were closely related in that they involved many of the same defendants and some of the same claims and that the interest of judicial economy and consistent rulings would be served by consolidation (*Id.*, at 5).  In the same Order, the Court denied plaintiffs' motion for a temporary restraining order in *Campbell II* (*Id.*).

## II.   Motion For Leave To Amend

For their motion for leave to file consolidated amended complaint, plaintiffs state that they currently maintain several intertwined actions pending in state and federal court "sharing common questions of law and fact arising from continuous, systemic patterns of civil rights violations, harassment retaliation and abuse of process by the Defendants." (*Campbell I*, Dkt. No. 11, at 1). Plaintiffs state that their proposed "Consolidated Amended Complaint" combines all their claims into a single, comprehensive federal pleading (*Id.*).[1,2]  Because the Court has not ordered summonses to issue in this case, plaintiffs have not served their amended complaint in this case. Accordingly, the Court grants plaintiffs' motion for leave to file consolidated amended complaint under Federal Rule of Civil Procedure 15(a)(1)(A) (*Campbell I*, Dkt. No. 11).  Plaintiffs shall have 14 days from the date of this Order to file their consolidated amended complaint which is attached to their motion (Dkt. No. 11-1) with the Clerk of the Court.  The consolidated amended complaint shall replace all previous complaints filed in the Consolidated Case including the complaint and amended complaint that plaintiffs filed in this case (*Campbell I*, Dkt. Nos. 1, 4) as well as the

---

[1] The Court advises that it has no jurisdiction over any claims that plaintiffs have filed in state court and that have not been removed to federal court.  To the extent that plaintiffs believe that they are consolidating their state court claims into this matter through the consolidated amended complaint, they are notified that any case that plaintiffs currently have pending in state court that has not been removed to federal court through the formal removal process remains pending in state court and is not before this Court.  The formal removal process is discussed elsewhere in this Order.

[2] The Court acknowledges that plaintiffs filed a "notice of supplemental authority and clarification regarding pending motion for leave to amend" (Accordingly, the Court vacates the Initial Scheduling Order entered in *Campbell II* (*Campbell I,* Dkt. No. 26).  The Court will not consider the supplemental information contained in the "notice" as part of the consolidated amended complaint (*Campbell I,* Dkt. No. 11-1).  If they choose to do so, plaintiffs must file a motion to amend their complaint to make changes to the consolidated amended complaint after it is filed with the Court as required by Federal Rule of Civil Procedure 15.  Plaintiffs proceeding *pro se* are required to follow the Federal Rules of Civil Procedure and the Local Rules of this Court.  *See* Local Rule 5.5.

complaint filed in *Campbell II* (*Campbell II*, Dkt. No. 2).  *See In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir. 2000) ("[i]t is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.") (citations omitted). The Court will issue summonses after plaintiffs file the consolidated amended complaint with the Clerk of the Court.

### III.     Motion For More Definite Statement And Motion For Clarification

Defendants filed a joint motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) and a motion for clarification (*Campbell I*, Dkt. No. 20).  Defendants are not specific on what grounds they seek a more definite statement, but Defendants are specific about their request for clarification (*Id.*).  For these reasons, the Court grants, in part, and denies, in part, Defendants' motion (*Id.*).

Defendants seek clarification regarding what is the operative pleading in the Consolidated Case and who are the remaining parties in the Consolidated Case (*Campbell I*, Dkt. No. 20, at 1). The Court grants Defendants' request for clarification (*Id.*).  Because the Court is permitting plaintiffs leave to amend to file their consolidated amended complaint, the consolidated amended complaint will become the operative complaint and the parties set forth in the consolidated amended complaint will become the parties in the Consolidated Case.  After the filing of the consolidated amended complaint, if appropriate, the Court will issue summonses to be served by plaintiffs as required under Federal Rule of Civil Procedure 4.  Because Defendants do not identify a statement in a pleading in this case "which is so vague or ambiguous" that Defendants "cannot reasonably prepare a response" to or about which Defendants require a more definite statement, the Court denies Defendants' motion for a more definite statement (*Id.*).  Fed. R. Civ. P. 12(e).

## IV. Motions To Dismiss

"[A]s a general proposition, if a defendant files a Motion to Dismiss, and the plaintiff later files an Amended Complaint, the amended pleading renders the defendant's motion to dismiss moot." *Oniyah v. St. Cloud State Univ.*, 655 F. Supp. 2d 948, 958 (D. Minn. 2009) (citing *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything, [plaintiff's] motion to amend the complaint rendered moot [defendant's] motion to dismiss the original complaint."); *Standard Chlorine of Del., Inc. v. Sinibaldi*, 821 F. Supp. 232, 239-40 (D. Del. 1992) (finding that plaintiff's filing of an amended complaint rendered defendant's motion to dismiss moot)). Thus, under Eighth Circuit precedent, the Court's granting of plaintiffs' motion for leave to file consolidated amended complaint renders moot the motions to dismiss previously filed by individual defendants in *Cambell II* (*Campbell II*, Dkt. Nos. 6–9, 11, 24, 25, 27, 29). Accordingly, the Court denies as moot the pending motions to dismiss (*Id.*).

The Court recognizes that some of the arguments of defendants for dismissing plaintiffs' claims may remain the same in response to, and apply to, plaintiffs' consolidated amended complaint. Should any defendant seek to dismiss plaintiffs' consolidated amended complaint, the defendant must file a separate motion responsive to the filed consolidated amended complaint. To the extent the defendant wishes to reassert any arguments raised in its first motion to dismiss, the Court notes that Federal Rule of Civil Procedure 10(c) provides that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion," allowing any defendant to adopt its earlier motion by reference. Fed. R. Civ. P. 10(c).

## V. Motion To Remand

Plaintiffs filed a motion for remand in *Campbell II* (*Campbell II*, Dkt. No. 35). Defendants Brenda Dunn, Gary Dunn, and Shayne Lee Peterson were all served on June 18, 2025 (*Campbell*

*II*, Dkt. No. 1).  Defendants James Turnbough, Barry O'Dell, Mammoth Springs Police Department, Louise Dunn Alexander, Randall Dunn, and Hallmark Media were all served on June 25, 2025 (*Campbell II*, Dkt. Nos. 1; 21).  Defendants the City of Mammoth Springs and Lauren Siebert were served on June 27, 2025.  Defendant Bragg Broadcasting was served on July 8, 2025, defendant Jody Shackleford was served on July 9, 2025, and defendant John McGinnes was served on July 25, 2025 (*Campbell II*, Dkt. Nos. 1; 39).  On July 18, 2025, the City Defendants filed their answer, motion to stay the state court proceedings, and their original notice of removal in Fulton County Circuit Court (*Campbell II*, Dkt. No. 1).  On July 22, 2025, Fulton County Circuit Court Judge Holly Meyer entered an order staying the state court proceedings due to the removal to this Court (*Campbell II*, Dkt. No. 22, Exhibit 1).  On July 25, 2025, City Defendants filed an amended notice of removal in this Court that contained notice of consent to removal for defendants Bragg Broadcasting, John McGinnes, Jody Shackleford, Lauren Siebert and Hallmark Media by and through their counsel John McGinnes and Jody Shackleford, and defendants Randall Dunn, Brenda Dunn, Gary Dunn, and Shayne Lee Peterson by and through their counsel, Fred O'Neill (*Campbell II*, Dkt. No. 22, Exhibit 3-5).  On July 29, 2025, separate defendant Louise Dunn Alexander, by and through her counsel Fred O'Neill, filed her motion to dismiss the case as frivolous and did not challenge the Court's jurisdiction (*Campbell II*, Dkt. No. 24).

      The general removal statute permits a notice of removal to be filed within 30 days after receipt of the pleading and has been interpreted to require that all defendants must consent to the removal.  *See, e.g., Chicago, R.I. & P. Ry. v. Martin*, 178 U.S. 245, 248 (1900) ("[I]t [is] well settled that a removal could not be effected unless all the parties on the same side of the controversy united in the petition. . . ."); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 393 (1998) (Kennedy, J., concurring) ("Removal requires the consent of all of the defendants."); *Bradley v. Md. Cas. Co.*,

382 F.2d 415, 419 (8th Cir. 1967) (same).  While the failure of one defendant to consent renders the removal defective, each defendant need not necessarily sign the notice of removal.  *See Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988)).  There must, however, "be some timely filed written indication from each served defendant," or from some person with authority to act on the defendant's behalf, indicating that the defendant "has actually consented" to the removal.  *Id*.  In this case, City Defendants filed an amended notice of removal that attached the notice of consent signed by the other defendants or their counsel.  This amended notice was filed 30 days after the City Defendants were served with process and was thus timely on the part of all defendants, including the earlier served defendants.  Therefore, the Court denies plaintiffs' motion to remand *Campbell II* (*Campbell II*, Dkt. No. 35).

      **VI.**    **Motion To Substitute Attorney**

Also before the Court is the motion to substitute counsel of the City Defendants and the Mammoth Spring Police Department (*Campbell I*, Dkt. No. 18; *Campbell II*, Dkt. No. 49).  The City Defendants and the Mammoth Spring Police Department state that Kaitlyn A. Meister is no longer employed by the Arkansas Municipal League, and they ask that Mary Nix-Caffee of the Arkansas Municipal League be substituted as counsel for them in this case (*Id.*).  For good cause shown, the Court denies as moot the motion to substitute counsel in *Campbell II* and grants the motion in this case and directs the Clerk of Court to substitute Ms. Nix-Caffee as counsel of record for the City Defendants and Mammoth Spring Police Department in this Consolidated Case.

      **VII.**    **Emergency Motion To Stay Parallel State Court Proceedings And Motion For Leave To File Supplemental Statement Of Facts In Support Of Motion**

Plaintiffs filed an emergency motion to stay parallel state court proceedings in the Consolidated Case (Dkt. No. 13).  In the motion, plaintiffs state that two cases are pending in the

8

Circuit Court of Fulton County, Arkansas. *See Turnbough v. Campbell, et al.*, Fulton County Circuit Court Case No. 25CV-24-72 (Complaint filed July 16, 2024); *Rogers v. Campbell, et al.*, Fulton County Circuit Court Case No. 25CV-24-73 (Complaint filed July 16, 2024). According to plaintiffs, the claims in these state cases arise from "the exact same operative facts including events at the April 1, 2024, City Council meeting, the subsequent political sign erected by the Campbells, the fraudulent injunction requests filed by Police Chief Turnbough and City Secretary Rogers, and the false arrest orchestrated by Police Chief Turnbough on July 16, 2024." (Dkt. No. 13, at 1–2). Plaintiffs assert that the state court is moving forward with proceedings and contends intervention from this Court is "required" before plaintiffs are prejudiced by having to defend against what they term are "fraudulent lawsuits." (*Id.*, at 2).[3] Plaintiffs also contend that the Arkansas Supreme Court found, in Case No. 25CV-24-72, that the issuance of a preliminary injunction was a "prior restraint" on free speech. (*Id.*, at 2–3). Plaintiffs claim a stay of the state court proceedings is necessary to avoid "imminent irreparable injury."

Plaintiffs have also filed a motion for leave to file supplemental statement of facts in support of motion to enjoin state court proceedings (Dkt. No. 30).[4] In this motion, plaintiffs assert that additional events have occurred in state court since the original filing of their motion that show "'*extraordinary circumstances*' justifying federal intervention" (*Id.*, at 2 (emphasis in original)).

---

[3] According to the scheduling orders entered by the Fulton County Circuit Court and then the orders later entered consolidating these state cases for trial, these state cases are both set for trial January 26-30, 2026. *Turnbough v. Campbell, et al.*, Fulton County Circuit Court Case No. 25CV-24-72 (First Amended Scheduling Order filed October 23, 2025); *Rogers v. Campbell, et al.*, Fulton County Circuit Court Case No. 25CV-24-73 (Scheduling Order filed November 17, 2025).

[4] Plaintiffs seem to use the words "enjoin" and "stay" interchangeably, and because plaintiffs do not reference a particular docket number in their filing entitled motion for leave to file supplemental statement of facts in support of motion to enjoin, the Court understands that plaintiffs are attempting to supplement their emergency motion to stay state court proceedings (Dkt. No. 13).

This Court generally lacks the authority to stay state court proceedings except in exceptional circumstances, which are not at issue here. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect, or effectuate its judgments."). The claims for defamation at issue in the state court proceedings are brought by Turnbough and Rogers against plaintiffs related to a sign on plaintiffs' property. *Turnbough v. Campbell, et al.*, Fulton County Circuit Court Case No. 25CV-24-72 (Complaint filed July 16, 2024); *Rogers v. Campbell, et al.*, Fulton County Circuit Court Case No. 25CV-24-73 (Complaint filed July 16, 2024). The Court denies plaintiffs' emergency motion to stay these state court proceedings (Dkt. No. 13). A stay is not necessary to aid this Court's jurisdiction or to protect a judgment because the Court has not entered a judgment in the Consolidated Case. The Court denies as moot plaintiffs' motion for leave to file supplemental statement of facts in support of motion to enjoin state court proceedings (Dkt. No. 30).

### VIII. Motions Related To Scheduling Order

Plaintiffs have filed several motions related an Initial Scheduling Order that the Court entered in *Campbell II*. The Court has not entered a Scheduling Order in *Campbell I* or what is now the Consolidated Case because summonses have not issued as to all defendants. Accordingly, the Court vacates the Initial Scheduling Order entered in *Campbell II* (*Campbell II,* Dkt. No. 47). The Court will enter a Scheduling Order in the Consolidated Case after all of the parties have been joined. Accordingly, the Court denies as moot plaintiffs' emergency motion for revised scheduling order (*Campbell I,* Dkt. No. 15), plaintiffs' motion for order (*Campbell I,* Dkt. No. 21), and plaintiffs' motion to extend Rule 26(f) deadline or, in the alternative, stay discovery obligations (*Campbell I,* Dkt. No. 22).

### IX. Motion For Equitable Tolling

Plaintiffs filed a motion for equitable tolling claiming that they have been prevented from "advancing their federal claims due to the '*law-fare*' tactics, fraudulent state court injunctions, and willful bankruptcy stay violations committed by Defendants" (*Campbell I*, Dkt. No. 27, at 1). Equitable tolling generally is a response to a statute of limitations defense. No such defense has been raised at this stage in the proceedings, and the Court does not understand equitable tolling to apply at this stage of the proceedings. Accordingly, the Court denies without prejudice plaintiffs' motion for equitable tolling (*Id.*).

### X. Conclusion

The Court grants plaintiffs' motion for leave to file consolidated amended complaint (*Campbell I*, Dkt. No. 11). Plaintiffs shall have 14 days from the date of this Order to file their consolidated amended complaint attached to their motion with the Clerk of the Court. The Court grants plaintiffs' motion for clarification but denies Defendants' motion for a more definite statement (*Campbell I*, Dkt. No. 20).

The Court denies as moot the motions to dismiss of various individual defendants filed in *Campbell II* (*Campbell II*, Dkt. Nos. 6–9, 11, 24–25, 27, 29). The Court denies plaintiffs' motion to remand to state court (*Campbell II*, Dkt. No. 35). The Court grants the Mammoth Springs Police Department and the City Defendants' motion to substitute attorney (*Campbell I*, Dkt. No. 18; *Campbell II*, Dkt. No. 49).

The Court denies the plaintiffs' emergency motion to stay parallel state court proceedings (*Campbell I*, Dkt. No. 13). The Court denies as moot plaintiffs' motion for leave to file supplemental statement of facts in support of motion to enjoin state court proceedings (*Campbell I*, Dkt. No. 30).

The Court denies as moot plaintiffs' motions related to the Court's initial scheduling order issued in *Campbell II* (*Campbell I*, Dkt. Nos. 15, 21, 22). The Court vacates the Initial Scheduling Order entered in *Campbell II* (*Campbell II,* Dkt. No. 47).

The Court denies without prejudice plaintiffs' motion for equitable tolling (*Campbell I*, Dkt. No. 27).

So ordered this 5th day of January, 2026.

_____
Kristine G. Baker
Chief United States District Judge