IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DAVE CAMPBELL and
CATRENIA DAWN CAMPBELL                                                    PLAINTIFFS

v.                       Case No. 3:25-cv-00064-KGB (Lead Case)
                         Case No. 3:25-cv-00134-KGB

BARRY JOSEPH O'DELL, *et al*.                                            DEFENDANTS

### ORDER

Pending before the Court are the motion to dismiss of defendants Judge Tim Weaver, Judge

Chaney Taylor, Judge Don McSpadden, Prosecutor Drew Smith, Prosecutor Dwayne Plumlee, and

Adult Protective Services ("APS") (Dkt. No. 49) and the motion to dismiss of Iron Rock Law Firm

PLLC ("Iron Rock") (Dkt. No. 51). Plaintiffs Dave Campbell and Catrenia Dawn Campbell

(collectively "the Campbells") have responded to defendants' motions to dismiss (Dkt. Nos. 58,

59). Also pending before the Court are the motions to sever of defendants Louise Alexander,

Brenda Dunn, Gary Dunn, Randy Dunn, Shayne Peterson, Mr. Frederick Alexander O'Neill, Mr.

Paul David Kauffman, and Peterson Properties LLC (Dkt. Nos. 45, 53, 54). The Campbells have

responded to the motions to sever (Dkt. Nos. 56, 66, 67). Also pending before the Court is the

Campbells' response and motion to strike the answer of defendants John Allen Barnett, Danny L.

Busch, Hunter Ray Crawford, Barbara Ann Gann, City of Mammoth Spring, Barry Joseph O'Dell,

and James Edward Turnbough ("the City defendants") (Dkt. No. 55). The City defendants have

responded in opposition to the Campbells' motion to strike (Dkt. No. 68). For the following

reasons, the Court grants the motions to dismiss (Dkt. Nos. 49; 51), the Court denies the motions

to sever (Dkt. Nos. 45, 53, 54), and the Court denies the Campbells' motion to strike the City

defendants' answer (Dkt. No. 55).

## I.    Background

The Campbells are residents of Mammoth Spring, Arkansas.  In their consolidated amended complaint ("the operative complaint") the Campbells make 42 claims against 28 defendants (Dkt. No. 32).  Defendants include:  the City of Mammoth Spring, Arkansas ("City"); Barry Joseph O'Dell, a City Councilman and Church of Christ preacher in the City; Danny L. Busch, the Mayor of the City; Carl Dwayne Plumlee, City Attorney for the City and former Deputy Prosecuting Attorney for Fulton County, Arkansas; Barbara Ann Gann, City Clerk and licensed Notary; James Edward Turnbough, Chief of Police for the City; John Allen Barnett, Assistant Chief of Police for the City; Hunter Ray Crawford, City police officer; Timothy Weaver, Fulton County, Arkansas, Circuit Judge; Chaney Taylor, Fulton County, Arkansas, District Judge; Drew Smith, Prosecuting Attorney for the 16th Judicial District; Donald McSpadden, Circuit Judge for Fulton County, Arkansas; Gary Dunn; Randall Dunn; Brenda Dunn; Paul Kauffman; Frederick O'Neill; John T. McGinnes; Jody Shackelford; Shayne Peterson; Lauren Siebert; Louise Alexander; Bragg Broadcasting, Inc. ("Bragg"), an Arkansas corporation; Hallmark Media, LLC ("Hallmark"), an Arkansas limited liability company; Peterson Properties & Investments, LLC ("Properties"), a Missouri limited liability company; Iron Rock; and APS.  The Campbells allege Melissa Rogers, Mammoth Spring's City Secretary is an indispensable party to this case (*Id.*, ¶ 32).

The Campbells' claims arise from allegations of a border wall dispute between themselves and a neighbor, an alleged dispute between themselves and Mammoth Spring employees, an alleged physical altercation that resulted in a criminal conviction, alleged irregularities in various state court cases, and the denied Arkansas Freedom of Information Act ("AFOIA") request (*Id.*).

The operative complaint alleges that judges, police officers and prosecutors violated the Campbells' rights by prosecuting Dave Campbell for battery and by refusing the Campbells' participation in a state probate case. *Id.* Additionally, the Campbells bring an AFOIA claim against APS. *Id.* The Campbells bring claims against Judges Taylor, Weaver, and McSpadden, as well as Prosecutors Plumlee and Smith, in their individual capacities. The Campbells also bring an AFOIA claim against APS for failing to provide requested information. *Id.*

Additionally, in the operative complaint, the Campbells allege that Iron Rock used an unauthorized name for its law firm, made false representations in court pleadings, and filed a fraudulent certificate of service in two defamation cases against them. *Id.*

Judges Taylor, Weaver, and McSpadden contend that they are entitled to judicial immunity. Prosecutors Plumlee and Smith assert that they are entitled to prosecutorial immunity. APS asserts that the Campbells fail to state a valid AFOIA claim.

Iron Rock maintains that claims against it should be dismissed for failure to state claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## II.    Motions To Dismiss

### A.    Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999) (citing *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)). "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

The Court must construe a *pro se* complaint liberally, and "'*pro se* litigants are held to a lesser pleading standard than other parties.'" *Whitson v. Stone Cnty. Jail,* 602 F.3d 920, 927 (8th Cir. 2010) (quoting *Federal Express Corp. v. Holowecki,* 552 U.S. 389, 402 (2008)). Nonetheless, *pro se* complaints "'still must allege sufficient facts to support the claims advanced.'" *Stringer v. St. James R–1 Sch. Dist.,* 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)). "'Liberal construction'" concerns whether it appears "beyond a doubt that petitioner can prove no set of facts in support of his claim. We do not believe, however, that a district court must pretend that certain facts exist in order to foresee a theory of recovery not actually raised or reasonably inferred by the pleader." *Williams v. Willits,* 853 F.2d 586, 588 (8th Cir. 1988) (internal citations omitted). "'[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.'" *Id.* (quoting *Cunningham v. Ray,* 648 F.2d 1185, 1186 (8th Cir. 1981)).

    **B.**    **Analysis**

        **1.**    **Judicial Immunity**

The Campbells name three judges in their operative complaint (Dkt. No. 32).   Judges Taylor, Weaver, and McSpadden contend that they are entitled to judicial immunity (Dkt. No. 49, ¶ 5).

"Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).   "The doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability."   *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."   *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).   "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 336 (1871)).

Judges Taylor, Weaver, and McSpadden are entitled to absolute immunity because the operative complaint fails to allege the judges acted in the absence of all jurisdiction.

The Campbells allege a variety of constitutional violations against Judge Taylor centered on Judge Taylor presiding over Dave Campbell's criminal case (Dkt. No. 32, at 20-21).   The Campbells allege Judge Taylor violated Arkansas Code Annotated § 16-17-138, which provides "[a] district court shall hold court in each department of the district court at least one (1) time a month unless mutually waived by the district court judge and the governing body of the city or town in which the department is located."   However, the Campbells fail to explain how Dave Campbell's criminal court proceedings violated the statute or how this alleged violation eliminated Judge Taylor's jurisdiction over the matter.   The Court determines that the Campbells have not

established a violation of an Arkansas statute, and the argument simply amounts to a disagreement with Judge Taylor's decisions in Dave Campbell's criminal case.

The Campbells' primary complaint against Judge Weaver arises from his authorization of Dave Campbell's arrest and for his actions in handling a companion civil case for a writ of mandamus and a writ of prohibition (*Id.*, at 22-23). Nothing asserted in the operative complaint indicates that Judge Weaver lacked jurisdiction over either proceeding.

The Campbells allege that Judge McSpadden threatened to hold the Campbells in contempt if the Campbells attempted to file evidence in a probate case to which the Campbells were not party (*Id.*, at 21). The Campbells assert that Judge McSpadden presided over the probate hearing in Independence County instead of Fulton County to prevent an elderly woman from attending the hearing (*Id.*). The Campbells contend that Fulton County was the correct venue and, therefore, Judge McSpadden lacked jurisdiction in the case (*Id.*). However, both counties are within the 16th Judicial Circuit where Judge McSpadden serves, and Judge McSpadden was clearly operating within the approved administrative plan for the 16th Judicial Circuit.[1]

Because the Campbells have not alleged that Judges Taylor, Weaver, and McSpadden acted in the clear absence of all jurisdiction, the doctrine of absolute judicial immunity applies; the Court grants Judges Taylor, Weaver, and McSpadden's motion to dismiss the Campbells' claims against them based on judicial immunity (Dkt. No. 49).

### 2. Prosecutorial Immunity

---

[1]    *See* Administrative Plan for the 16th Judicial Circuit, (May 13, 2026), https://arcourts.gov/sites/default/files/files-list/16th%20Circuit.pdf#:~:text=The%2016th%20Judicial%20Circuit%20is%20a%20five,Judges%20who%20serve%20the%2016th%20Judicial%20District.

The Campbells contend that prosecutors Smith and Plumlee violated their civil rights by charging and prosecuting Dave Campbell for battery (Dkt. No. 32, at 19-20).  The Campbells complain that Plumlee wrongly accepted a probable cause affidavit for Dave Campbell's arrest and that Smith prosecuted Dave Campbell for battery based on the affidavit (*Id.*).

Like judges, "[p]rosecutors are absolutely immune from suits for damages arising out of their official duties in initiating and pursuing criminal prosecutions." *Williams v. Hartje*, 827 F.2d 1203, 1208 (8th Cir. 1987) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity."). However, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  Here, prosecutors Smith and Plumlee clearly acted in their capacity as prosecuting attorneys in deciding to file charges against and prosecuting Dave Campbell.  Accordingly, the Court dismisses the Campbells' claims against Smith and Plumlee; the Court grants Smith and Plumlees' motion to dismiss the Campbell's claims against them based on prosecutorial immunity (Dkt. No. 49).

The Court having granted McSpadden, Weaver, Taylor, Smith, and Plumlee's motion to dismiss based on immunity declines to analyze their arguments regarding the Campbells' other claims.

### 3.      Arkansas Freedom Of Information Act Claim Against APS

The Campbells assert that APS failed to comply with a lawful request for information under the AFOIA.  The Campbells allege that, on September 22, 2024, a report was filed with APS listing Dave Campbell as an alleged perpetrator and Betty K. Dunn as an alleged victim.  *Id.*, at 23-24.

On January 6, 2025, the Campbells submitted a formal AFOIA request to APS requesting the investigative reports (*Id.*, at 23).  According to the operative complaint, an APS representative initially informed the Campbells that they were entitled to the records under the AFOIA but upon further review concluded that the records were not available to the Campbells because the documents that are "[u]ndisclosed investigations by law enforcement agencies of suspected criminal activity" are not to be  made open to the public (*Id.*, at 24).  *See* Ark. Code Ann. § 25-19-105(b)(6).  The Campbells do not assert any ground which would exclude the documents they seek from this provision of the Arkansas Code.

The Court concludes that the Campbells fail to allege a valid AFOIA claim against APS. Therefore, the Court grants APS's motion to dismiss the Campbell's AFOIA claim (Dkt. No. 49).

### 4.     Iron Rock's Motion To Dismiss

Also before the Court is Iron Rock's motion to dismiss (Dkt. No. 51).  Iron Rock argues that the Campbells' claims against Iron Rock arise from adverse litigation conduct, which is protected under Arkansas law, and that the Campbells fail to allege plausible claims against Iron Rock under any applicable exception.

Arkansas Code Annotated § 16–22–310 protects attorneys from liability to those not in privity with them, but the statute excepts from this protection actions of intentional fraud.  *See Wiseman v. Batchelor*,  864 S.W.2d 248, 250 (Ark. 1993).  The Campbells do not allege that they were Iron Rock's clients or that any other privity of contract existed between themselves and Iron Rock.  Therefore, in order to state a claim against Iron Rock, the Campbells must sufficiently allege intentional fraud.

To state a claim for fraud in Arkansas, the following elements must be well pled:  (1) a false representation of material fact; (2) knowledge that the representation is false or that there is

insufficient information upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) resulting damage. *Brennan v. Wadlow*, 270 S.W.3d 831, 834-35 (Ark. 2008). Under Rule 9(b) of the Federal Rules of Civil Procedure, claims for fraud must be plead with particularity. A complaint must allege "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Drobnak v. Anderson Corp.*, 561 F.3d 778, 783 (8th Cir. 2009). Complaints that fail to state the "who, what, where, when, and how of the alleged fraud" do not satisfy Rule 9(b)'s heightened pleading standard. *Id.*

In the operative complaint, the Campbells do not assert that Iron Rock made a false representation of material fact with knowledge that the representation was false or without basis or that they were damaged by such a statement from Iron Rock (Dkt. No. 32). Instead, the Campbells provide only conclusory statements that Iron Rock "participated in the 'enterprise' by committing predicate acts (mail fraud, wire fraud, extortion via the $500 demand) as part of the ongoing pattern of corruption" and "facilitated the overall scheme which involved multiple fraudulent legal filings and communications." (Dkt. No. 32, at 26). The Court determines that the Campbells' vague and conclusory fraud claims against Iron Rock fail to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b). There are no allegations about what acts Iron Rock undertook to commit mail fraud, wire fraud, or extortion. It is unclear what "overall scheme" the Campbells allege has occurred or to what the "$500 demand" refers. Therefore, the Court grants Iron Rock's motion to dismiss (Dkt. No. 51). The Campbells assert that the use of Iron Rock Law Firm, PLLC is somehow improper, but the Campbells do not base this claim on a

particular false statement, justifiable reliance, or assert damage caused by that reliance in order to assert a claim for fraud with the particularity necessary under Federal Rule of Civil Procedure 9(b).

### III.    Motions To Sever

Also before the Court are the motions to sever of defendants Alexander, Brenda Dunn, Gary Dunn, Randy Dunn, Peterson, O'Neill, Kauffman, and Peterson Properties LLC (Dkt. Nos. 45, 53, 54). In their motions to sever, defendants Alexander, Brenda Dunn, Gary Dunn, Randy Dunn, Peterson, O'Neill, Kauffman and Peterson Properties LLC contend that the multiple parties and counts in the operative complaint are not related (Dkt. Nos. 45, 53, 54).

Federal Rule of Civil Procedure 20(a)(1) "allows multiple plaintiffs to join in a single action if they assert claims 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;' and (ii) 'any question of law or fact common to all plaintiffs will arise in the action.'" *In re Prempro Products Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010). Likewise, Federal Rule of Civil Procedure 20(a)(2) allows multiple persons to be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." The Eighth Circuit recognizes "a very broad definition for the term 'transaction.'" *In re* Prempro, 591 F.3d 622.

> "Transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.
>
> Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

*Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (citations omitted).

This assessment is made on a "case by case" basis. *Id.* Rule 20 is in place "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Id.* at 1332. Further, "[s]ingle trials generally tend to lessen the delay, expense and inconvenience to all concerned." *Id.*

At this stage of the case, given the dismissal of several of the defendants based on immunity and failure to state a claim, and based on the Court's review of the Campbells' filings, the Court denies without prejudice the motions to sever of defendants Alexander, Brenda Dunn, Gary Dunn, Randy Dunn, Peterson, O'Neill, Kauffman, and Peterson Properties LLC. Defendants may, however, renew their motions to sever as this case progresses to trial.

### IV.     Motion To Strike

The Campbells request that the Court strike the answer of the City defendants under Federal Rule of Civil Procedure 12(f), arguing that the answer is a "sham pleading" and contains impertinent and frivolous allegations in its affirmative defense assertions (Dkt. No. 55, at 2). The City defendants filed a response in opposition to the Campbell's motion to strike (Dkt. No. 68). The City defendants argue that their general denial in their response to the operative complaint complies with Federal Rule of Civil Procedure 8(b)(3), which permits a party to deny generally all except those portions of a pleading specifically admitted (*Id.*, at 2 (citing Fed. R. Civ. P. 8(b)(3)). The City defendants invoked Federal Rule of Civil Procedure 8(b)(3) and then specifically admitted or denied designated paragraphs of the operative complaint, which is permissible under the Federal Rules of Civil Procedure. The City defendants also argue that their affirmative defenses are legally sufficient and provide fair notice (*Id.*, at 3), and the Campbells' assertions about extrinsic events cannot support striking any portions of their response to the operative complaint (*Id.*, at 3–4).

11

"'Motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.' A court must deny a motion to strike 'if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear.'" *United States ex rel. Rille v. Sun Microsystems. Inc.*, Case No. 4:04-cv-00986-WRW, 2008 WL 4756170, at *18 (E.D. Ark. Oct. 28, 2008) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). Further, "motions to strike are not generally granted unless the moving party has shown prejudice." *Id.*

"Because the rule is stated in the permissive . . . it has always been understood that the district court enjoys liberal discretion" under Rule 12(f). *Stanbury Law Firm P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (other citations omitted). Despite that discretion, granting a motion to strike pleadings is an "extreme measure." *Id.* When moving to strike, "a plaintiff must show that the allegations being challenged in the defendant's answer are 'so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" *Sobba v. Elmen*, 462 F. Supp. 2d 944, 946 (E.D. Ark. 2006) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004)).

The Court declines to strike the answer of the City defendants. The Campbells have neither demonstrated that the allegations being challenged are unworthy of the Court's consideration nor that they will be prejudiced by the answer as a whole or by any of the City defendants' specific affirmative defenses. Accordingly, the Court denies the Campbells' motion to strike all or part of the City defendants' answer.

**V.    Conclusion**

For these reasons, the Court grants the motion to dismiss of Judge Weaver, Judge Taylor, Judge McSpadden, Prosecutor Smith, Prosecutor Plumlee, and APS (Dkt. No. 49) and the motion to dismiss Iron Rock (Dkt. No. 51).  At this stage of the case, the Court denies without prejudice the motions to sever of defendants Alexander, Brenda Dunn, Gary Dunn, Randy Dunn, Peterson, O'Neill, Kauffman, and Peterson Properties LLC (Dkt. Nos. 45, 53, 54).  The Court denies the Campbells' motion to strike the answer of the City defendants (Dkt. No. 55).

So ordered this 14th day of May, 2026.

_____
Kristine G. Baker
Chief United States District Court Judge